Good morning. May it please the Court and Counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office and I represent Quintin Ferguson. Mr. Ferguson was sentenced as a career offender, but he shouldn't have been. The reason he isn't a career offender is that federal arson conviction that he had under section 18 U.S.C. 844I, rather, isn't a crime of violence. Under Taylor's categorical approach, the federal arson conviction is broader than generic arson and is not a categorical match. Federal arson requires the burning of property. It does not require, like generic arson, that the property be of another or that insurance proceeds are the purpose, the effort of the unlawful burning. You're referring to the model penal code definition, which is not uniformly used in this categorical analysis, is it? No, it's one of the guideposts that we would look to, but I'm unaware of any notion of arson historically that doesn't touch upon the burning of another. So historically it's well entrenched in what we would regard arson, and the collection of insurance proceeds are the way, of course, if it's not property of another, but you're burning your own property, that we would allow this to be distinguished from lighting a fire in a fireplace, smoking a cigarette, or lighting a candle. But there has to be some additional effort beyond the burning that would result in remuneration. We just don't have those things here as compared to the federal definition, or excuse me, statutory elements for a federal arsonary 844I, Judge. Why would we not use our definition in Gomez where generic arson is intentional or malicious burning of any property? Right, because that was not a very complete examination, that was not the focus of Gomez. So I think Gomez used that as a general notional sense of what arson might be, but that was not where Gomez was focused on for disposition, and for that reason, I would say we wouldn't look to Gomez, but beyond that, Gomez would be wrong. What about Meslevic that relied on, that Gomez relied on in coming, in defining generic arson? Sure, but Gomez then... Meslevic. Meslevic, sure. Meslevic. Sure, yep. Also, not, again, focused on what we need to determine here. So if you want to look to those cases... No, I'm asking why would we not apply that definition? Because it's incorrect. Because it's not accounting for what generic arson is relative to what federal arson requires. So would we have to overturn those cases? I don't think so. For the reasons we stated in our brief, that we just don't think that Gam as in Meslevic were zeroed in on the issue like we need to be in this case. So if they are talking about something that is tangential... Addictive. Addictive, yes. Then, of course, we're not bound by it. So it's your position that in both of those cases, the court was considering generic arson, but it was simply dicta. It was considering generic arson, but I'm saying that the operative facts and what the disposition was in both of those cases wasn't focused on what we're focusing on here. So I just don't think that those cases, to the extent that they said in the course of the opinion what generic arson was, that they were defining for all times generic arson. I just don't think that those cases are helpful on this point. I think that we need to look at it now, and I think that if we were to look back to other cases that talk about what the understanding of generic arson is, if we look at the historic information like the law review article for, I think, Professor Poulos that we cited in the brief, and the other materials, they will all, and I think Lefebvre as well, all identify the notions that we're focused on here, and that it has to be property of another, or that it has to be with the effort to collect insurance proceeds. Absent those things, then we don't have arson here. We just don't have a categorical match. Well, let's assume that we're willing to wipe the slate clean and start over, which is basically what you're asking us to do here, or at least amplify on the starting point of those previous cases. I agree with that. What about the point that the definition that you're advancing based on the model penal code essentially makes the inclusion of a cancer statute self-defeating, because very few modern arson statutes are a categorical match to the model penal code. And we presume that Congress doesn't do self-defeating things. No, not self-defeating things, but in this case, there's not alignment. And so while their efforts were imperfect, even if we know what their intent was, if there's not a categorical match, we would say there's a statutory fix for this, or there's something else that can be done. But we wouldn't look at this case and say, because we suspect what the intent was, that we should now look beyond the text, Judge. So I would say focus on the text first, of course, and then we look to what intent is, only if it's unclear. But the text here is clear. If I may detour slightly, because I do think this is important. I think I have put the cart before the horse in some regards. I do want to touch on standard of review. So to circle back to probably where I should have begun, it is important, in our opinion, to state our position. De novo review applies here. Ye versus city of Escondido, Billups, Bew, these are cases that are well-established that tell us you do not forfeit arguments. You can forfeit claims. And the claim right along was that my client was not a career offender. I think that they argued the position differently, of course, in the district court, but nevertheless preserved the claim for the appeal such that we get de novo review. I think that we win regardless, provided that we can satisfy that there is an error and that it's clear. The government, I think, has said as much in the footnote in its brief that we would then have a different outcome here in the case if there's not a career offender application. But nevertheless, de novo review should apply and does apply here based on Bew, based on Billups, and while the government is able to cite a case that's contrary to those, it comes later, and the principle of stare decisis remains alive and intact and is applicable here. So with that, I will reserve the balance of my time. Thank you. Thank you. May it please the Court. Good morning, Your Honors. Eli Temkin for the United States. This Court should affirm Mr. Ferguson's sentence. Federal arson under Section 844I is arson under the Career Offender Guideline. Just briefly, I'll start with the standard of review. The government stands by its position that this Court's review is limited to plain error because Mr. Ferguson forfeited the argument he's now trying to raise on appeal. Everyone seems to agree on the principles here, and the cases are consistent. You can argue a point in a new way on appeal without forfeiting it, but you can't raise a new argument in the first instance, and if you do, you're subject to plain error review. In this case, in front of the District Court, Mr. Ferguson argued that Section 844I was not a crime of violence because the statute was not limited to fire-related damage, an argument under the Gammas case from this Court. On appeal, he's now arguing that Section 844I is overbroad for a different reason because it covers burning your own property. That's an argument that he didn't raise below. He had the chance to do that, and he said he didn't have any further arguments. That's on page 47 of the transcript. This case is on all fours with the Carr decision from this Court from last year, as well as older cases that we've cited in our briefs, such as McClellan, which predates the Billups case. Mr. Ferguson doesn't try to distinguish Carr, and the case is indistinguishable. In that case, the question was whether Illinois robbery qualified as a crime of violence under the Enumerated Offense Clause. In front of the District Court, Mr. Carr argued that the Illinois statute was overbroad because Illinois accomplice liability is broader than under the generic offense. On appeal, he tried to raise an argument that the Illinois robbery statute was overbroad because of the mental state. This Court said that's a new argument. You forfeited it below and will review, but only for plain error. The Billups case is distinguishable. In that case, again applying the same principles, the Court held that an argument wasn't forfeited because it was just a new twist on the existing argument in front of the District Court. In that case, the question was about Wisconsin false imprisonment and whether it qualified under the Residual Clause. The argument on both levels was whether the statute required showing a risk of physical harm or whether the offense could be completed through fraud or deception. That was the same argument on both levels. On appeal, the defendant introduced a new source of authority to support that same argument. In front of the District Court, he argued based on jury instructions and the lack of an explicit element in the statute. Then on appeal, he cited also the statutory definition of without consent under state law. That was just amplifying the same argument, and that's exactly what the Supreme Court said in Yee and a proposition the government agrees with. You can amplify the argument, but you can't introduce a new argument without forfeiting it. Just briefly to correct the record on this point, Mr. Ferguson, in his reply, indicates that the District Court prevented defense counsel from switching attorneys to address this. Defense counsel never asked to have co-counsel address the point. Counsel asked if he could consult with his colleague, and the District Court repeatedly let him do that. The District Court did exactly what defense counsel asked for. All that said, plein air review applies, but this court should affirm under any standard, and I'll move on to the merits. The application of the categorical approach is a question of interpretation. There are a few ways to think about this interpretation, but they all lead to the conclusion that federal arson under Section 844I is arson under the Career Offender Guideline. First, this court's case law understands Section 844I as such a good match for generic arson that the court uses 844I as the model, as the measuring stick, by which to compare state statutes to determine whether they qualify. No federal court to the government's knowledge has held that Section 844I fails to qualify as generic arson, and Mr. Ferguson has not identified any case that holds 844I is not generic arson. The drafting history of the guideline illustrates why. The contemporaneous federal law is powerful evidence of what arson means, as this court noted in Mislavik. Congress enacted the Anti-Arson Act in 1982, which for present purposes defines arson under 844I. Four years later, in 1986, Congress enacted the Armed Career Criminal Act or amended it to enumerate arson as a violent felony, and then three years later the Sentencing Commission imported that definition into the Career Offender Guideline. That shows, again, as Mislavik noted, that those definitions are consistent and that when the commission enumerated arson as a crime of violence, it was using the definition that Congress had enacted just a few years earlier. The typical categorical approach analysis also leads to the same result. If you compare, if you identify the generic definition and then compare it to the federal statute. First, as to the generic definition, generic arson is defined as the intentional or malicious burning of any property, and this court has repeatedly held that in cases like Gammes and Mislavik, and that's a widely accepted definition of arson. There is no requirement that the property burned be of another. Most states at this point have dropped any such requirement and had dropped it when the commission enacted the enumerated offense of arson. As the secondary authorities set out, Lafave and the Poulos article that we've cited, states have abandoned any requirement to that effect, and the Supreme Court in the Torres v. Lynch decision noted that many states no longer or do not require that the property burned be of another. As to the metamorphosis article, Mr. Ferguson suggests in his reply that that article says that a felony arson conviction for burning your own property requires proof of insurance fraud. That's not what the article said. This is at page 298 of the article in Note 5. The article says that states do sometimes define a burning for insurance fraud as arson, but that's not the only circumstance. That's not exclusive. That's not the only circumstance where burning your own property can be arson. The definition from Begay is not comprehensive or not exclusive as to what the defendant must intend. Begay holds, and as Ms. Levick explains, Begay holds that you need to have an element of purposefulness, but Begay gives examples of what that purpose might be. Those examples are not definitive. Ms. Levick says to construe those examples as definitive would be absurd. The Brown v. Carraway case, this court noted that Delaware second-degree arson would qualify as generic arson. In Mr. Ferguson's reply, he says that there's an affirmative defense if the property was one's own. The affirmative defense, in fact, has three elements stated in the conjunctive. The property has to be solely your own. Second, the burning has to have a lawful purpose. And third, the burning can't endanger any other person or building. That essentially sets out the malice requirement. That's all to the generic definition. 844i essentially is the same. There's a malice requirement. Burning your own property is arson, but only if it's malicious. McBride sets out examples such as burning your own wood. Mr. Ferguson hasn't identified any case applying 844i in this non-generic way that he's suggesting of burning your own property without malice. That would be arson under 844i. Certainly this case is not that, where Mr. Ferguson burned his ex-girlfriend's apartment in a fire that spread to an apartment complex, displaced 27 people, cost around $2 million of damage. And again, this reading that Mr. Ferguson suggests would be self-defeating. With that, the government asks the Court to affirm. Thank you. Thank you. Mr. Hillis, any rebuttal? Well, I myself am not a slave to consistency. I think for the Department of Justice it's important to adopt and pursue the same thoughts on E versus Escondido in multiple cases as they go forward in this Court. So about two weeks ago in the 922G5 case, they themselves cited E versus City of Escondido, mentioned it, and now in Bruin, arguments were raised different on the appeal and for the first time, and that was okay in the government's view. So it seemed to me that they are taking a different position here today, and maybe it's just one hand not knowing what the other is doing, but I think it's important for this Court to require the Department of Justice to be consistent at least in its approach on these things, that they cannot benefit from E in one case and tamp down our efforts to press a point here in this case today. And is the standard of review pretty much the whole ball game here because plain error review for the head-exploding categorical approach, rarely plain to anybody? Judge, as you know from all your experience, standard review is very often the difference maker in any case. And so regardless, if I think I can win on de novo review, I'll take that first and foremost, even though I think I could also win perhaps on plain error review. I would like de novo review here, like the government cited E versus City of Escondido in the other case that I mentioned. Beyond that, the government, with its reference to what counsel was doing and how the lawyer asked that his co-counsel be able to argue, that's on appendix pages 43, 48 to 53. The government was itself allowed to have its person who was tapped to argue a particular issue stand up and argue it. My client's lawyers had a similar plan in place apparently where one was well-versed in something and somebody was going to argue the point they thought for the government and they weren't allowed, or for the defense and they weren't allowed to. So we did not have the same fair opportunity to present this argument in any event, and that should be taken into consideration. And then finally, the last thing that I'll say is I'm a little confused by what the government was doing at the podium a moment ago. It seemed to be blending elements and saying how those things then describe state of mind. State of mind is different. It's separate from the elements. So I'm a little confused by the argument, and I don't think that this court needs to be. I think that we look at elements. We're not contesting malice in this case. We've abandoned any contention about malice. We're strictly focusing our efforts on malice, and for all the cases the government points to, it is replete every time we look. There are affirmative defenses that if it's your own property, you're not on the hook. It's not a criminal act. And so we can't distance ourselves from the essential requirements that do seem to mesh with what we are looking at here from the time of Begay and going forward, that there is a very solid notion that generic arson requires more than you simply burn property with malice. I get back to the question that I asked just a few minutes ago about whether that would make the Armed Career Criminal Act, from which the Career Offender Guideline arises or copies, the list of offenses that qualify as predicates for the enhanced penalties. To include arson and define the generic offense in such a way as to exclude a great many arson statutes around the country, not to mention the federal arson statute, is a pretty significant argument to be advancing because, again, it would ascribe to Congress a self-defeating act and also to the Sentencing Commission in adopting the same approach under the sentencing guidelines. And I haven't heard a really strong answer to that question yet. I'm going to try to answer it better this time around, and that is to say self-defeating or not, if it's an improper effort now under the categorical approach, it just doesn't fly. That's the answer. So if we now look at, with the benefit now of all the years and the counterintuitive results that we have for the different applications of the categorical approach, we might say 30 years ago we never saw this coming, right? Okay, that's fair. Then I think this is where we are here today, that the elements are not a categorical match. We just need to look at Taylor, Begay, all the way through Mathis, and we've reached the right result. Thank you. Thanks to both counsel. We'll take the case under advisement.